**Pages 1 - 69**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Yvonne Gonzalez Rogers, Judge

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
  VS.                           )        **NO. CR 21-00311-YGR**
                                )
JOSE GARCIA, ET AL.,            )
                                )
            Defendants.         )
_____)
UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
  VS.                           )        **NO. CR 21-00312-YGR**
                                )
JOSHUA HERNANDEZ, ET AL.,       )
                                )
            Defendants.         )
_____)
UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
  VS.                           )        **NO. CR 21-00325-YGR**
                                )
JAIME ONTIVEROS, ET AL.,        )
                                )
            Defendants.         )
_____)
UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
  VS.                           )        **NO. CR 21-00327-YGR**
                                )
LUIS QUIROS,                    )
                                )
            Defendant.          )
_____)

```
UNITED STATES OF AMERICA,          )
                                   )
            Plaintiff,             )
                                   )
    VS.                            )    NO. CR 21-00328-YGR
                                   )
DAVID CERVANTES, ET AL.,           )
                                   )
            Defendants.            )
_____)
UNITED STATES OF AMERICA,          )
                                   )
            Plaintiff,             )
                                   )
    VS.                            )    NO. CR 21-00338-YGR
                                   )
MIKE JOHN GUERRERO,                )
                                   )
            Defendant.             )
_____)
UNITED STATES OF AMERICA,          )
                                   )
            Plaintiff,             )
                                   )
    VS.                            )    NO. CR 21-00339-YGR
                                   )
NICOLE ALEXANDRA MCCABE,           )
                                   )
            Defendant.             )
_____)
UNITED STATES OF AMERICA,          )
                                   )
            Plaintiff,             )
                                   )
    VS.                            )    NO. CR 21-00340-YGR
                                   )
JAVIER EFREN PACHECO,              )
                                   )
            Defendant.             )
_____)
UNITED STATES OF AMERICA,          )
                                   )
            Plaintiff,             )
                                   )
    VS.                            )    NO. CR 21-00341-YGR
                                   )
MICHAEL PAUL STEPHENS,             )
                                   )
            Defendants.            )
_____)
```

```
UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
   VS.                          )        NO. CR 21-00342-YGR
                                )
RAMIRO VELASCO, JR., ET AL.,    )
                                )
          Defendants.           )
_____)
UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
   VS.                          )        NO. CR 21-00344-YGR
                                )
EVAN YUKIN KOBAYASHI,           )
                                )
          Defendant.            )
_____)
UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
   VS.                          )        NO. CR 21-00345-YGR
                                )
FELIPE MUNOZ, ET AL.,           )
                                )
          Defendants.           )
_____)
UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
   VS.                          )        NO. CR 21-00346-YGR
                                )
ROSEMARIE RAMIREZ, ET AL.,      )
                                )
          Defendants.           )
_____)
UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
   VS.                          )        NO. CR 21-00347-YGR
                                )
MAX AUGUSTO URBINA, ET AL.,     )
                                )
          Defendants.           )
                                )
```

```
UNITED STATES OF AMERICA,        )
                                 )
          Plaintiff,             )
                                 )
  VS.                            )    NO. 21-mj-71438-MAG
                                 )
HECTOR GARCIANAVA,               )
                                 )
          Defendant.             )
_____  )
UNITED STATES OF AMERICA,        )
                                 )
          Plaintiff,             )
                                 )
  VS.                            )    NO. 21-mj-71467-MAG
                                 )
JORGE LUIS SOLORIO-MENDOZA,      )
ET AL.,                          )
                                 )
          Defendants.            )
_____  )
```

Oakland, California
Thursday, December 16, 2021

### **TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES IN CR 21-00311-YGR:**

For Plaintiff:
                    OFFICE OF THE UNITED STATES ATTORNEY
                    450 Golden Gate Avenue
                    San Francisco, CA  94102
              **BY:  MARJA-LIISA OVERBECK**
                    **ASSISTANT UNITED STATES ATTORNEY**

For Defendant Jose Garcia:
                    LAW OFFICES OF MARK S. GOLDROSEN
                    255 Kansas Street
                    San Francisco, CA 94103
              **BY:  MARK S. GOLDROSEN, ESQUIRE**

For Defendant Juan Gonzalez:
                    LAW OFFICE OF ADAM PENNELLA
                    717 Washington Street
                    Oakland, CA 94607
              **BY:  MARK GOLDROSEN, ESQUIRE, SPECIALLY**
                    **APPEARING**
Reported By:        Pamela Batalo-Hebel, CSR No. 3593, RMR, FCRR
                    Official Reporter

**APPEARANCES CONTINUED:**

For Defendant Paul Valenzuela:
                  LAW OFFICES OF BRIAN BERSON
                  1000 Brannon Street
                  San Francisco, CA 94103
          **BY: BRIAN BERSON, ESQUIRE**

For Defendant Kyle Leonis:
                  PICONE & DEFILIPPIS, APLC
                  625 N. First Street
                  San Jose, CA 95112
          **BY: STEVE M. DEFILIPPIS, ESQUIRE**

For Defendant Juan Dominguez:
                  ALAN A. DRESSLER
                  1390 N. McDowell Boulevard
                  Petaluma, CA 94594
          **BY: ALAN A. DRESSLER, ESQUIRE**

**APPEARANCES IN CR 21-00312-YGR:**

For Plaintiff:
                  OFFICE OF THE UNITED STATES ATTORNEY
                  450 Golden Gate Avenue
                  San Francisco, CA  94102
          **BY: MARJA-LIISA OVERBECK**
               **KEVIN R. RUBINO**
               **ASSISTANT UNITED STATES ATTORNEYS**

For Defendant Joshua Hernandez:
                  LAW OFFICES OF MICHAEL STEPANIAN
                  819 Eddy Street
                  San Francisco, CA 94109
          **BY: MICHAEL STEPANIAN, ESQUIRE**

For Defendant Giovanni Coria:
                  LAW OFFICES OF GAIL SHIFMAN
                  2431 Fillmore Street
                  San Francisco, CA 94115
          **BY: GAIL SHIFMAN, ESQUIRE**

For Defendant Charles Pineda:
                  LAW OFFICE OF CARY O. LINDSTROM
                  65 East Taylor Street
                  San Jose, CA 95112
          **BY: BEN KOLLER, ESQUIRE**

**APPEARANCES CONTINUED:**

For Defendant Andrew Anchondo:
                    JAMES PHILLIP VAUGHNS
                    6114 LaSalle Avenue
                    Oakland, CA 94611
              **BY:   JAMES P. VAUGHNS, ESQUIRE**

For Defendant Eliseo Martinez:
                    LAW OFFICE OF BRUCE C. FUNK
                    46 West Santa Clara Street
                    San Jose, CA 95113
              **BY:   BRUCE C. FUNK, ESQUIRE**

For Defendant Nicholas Mendez:
                    LAW OFFICES OF JAMES S. THOMSON
                    732 Addison Street
                    Berkeley, CA 94710
              **BY:   JAMES S. THOMSON, ESQUIRE**

**APPEARANCES IN CR 21-00325-YGR:**

For Plaintiff:
                    OFFICE OF THE UNITED STATES ATTORNEY
                    150 Almaden Boulevard
                    San Jose, CA 95113
              **BY:   JEFFREY BACKHUS**
                    **ASSISTANT UNITED STATES ATTORNEY**

For Defendant Jaime Medina Hernandez:
                    LAW OFFICES OF ROBERT W. LYONS
                    4200 Park Boulevard
                    Oakland, CA 94602
              **BY:   ROBERT W. LYONS, ESQUIRE**

For Defendant Garcia Barraza:
                    MCGLENON LAW OFFICE
                    2401 44th Avenue
                    San Francisco, CA 94116
              **BY:   ANN MCGLENON, ESQUIRE**

**APPEARANCES IN CR 21-00327-YGR:**

For Plaintiff:
                    OFFICE OF THE UNITED STATES ATTORNEY
                    150 Almaden Boulevard
                    San Jose, CA 95113
              **BY:   JEFFREY BACKHUS**
                    **ASSISTANT UNITED STATES ATTORNEY**

**APPEARANCES CONTINUED:**

For Defendant Luis Quiros:
                        PRATHER LAW OFFICES
                        245 Fifth Street
                        San Francisco, CA 94103
                BY:  **EDWIN PRATHER, ESQUIRE**

**APPEARANCES IN CR 21-00328-YGR:**

For Plaintiff:
                        OFFICE OF THE UNITED STATES ATTORNEY
                        450 Golden Gate Avenue
                        San Francisco, CA  94102
                BY:  **ERIN CORNELL**
                     **KEVIN RUBINO**
                     **MARJA-LIISA OVERBECK**
                     **ASSISTANT UNITED STATES ATTORNEYS**

For Defendant David Cervantes:
                        OFFICE OF THE FEDERAL PUBLIC DEFENDER
                        1301 Clay Street
                        Oakland, CA 94612
                BY:  **JOHN PAUL REICHMUTH**
                     **DEPUTY FEDERAL PUBLIC DEFENDER**

For Defendant Antonio Guillen:
                        MOEEL LAH FAKHOURY LLP
                        1300 Clay Street
                        Oakland, CA 94612
                BY:  **SHAFFY MOEEL, ESQUIRE**

For Defendant James Perez:
                        LAW OFFICES OF ERIK BABCOCK
                        717 Washington Street
                        Oakland, CA 94607
                BY:  **ERIK BABCOCK, ESQUIRE**

For Defendant Samuel Luna:
                        CONRAD | METLITZKY | KANE LLP
                        Four Embarcadero Center
                        San Francisco, CA 94111
                BY:  **MIRANDA KANE, ESQUIRE**

For Defendant Guillermo Solorio:
                        RANDY SUE POLLOCK
                        286 Santa Clara Avenue
                        Oakland, CA 94610
                BY:  **JOHN JORDAN, ESQUIRE, SPECIALLY**
                     **APPEARING**

**APPEARANCES CONTINUED:**

For Defendant Trinidad Martinez:
        MICHELLE D. SPENCER
        55 River Street
        Santa Cruz, CA 95060
        BY: **MICHELLE D. SPENCER, ESQUIRE**

For Defendant George Franco:
        LAW OFFICES OF JAY RORTY
        501 Mission Street
        Santa Cruz, CA 95060
        BY: **JAY RORTY, ESQUIRE**

For Defendant Steven Trujillo:
        PLOTSKY DOUGHERTY, P.C.
        122 Girard SE
        Albuquerque, NM 87106
        BY: **DAVID L. PLOTSKY, ESQUIRE**

For Defendant Salvador Castro:
        LAW OFFICES OF CHARLES J.S. WOODSON
        725 Washington Street
        Oakland, CA 94607
        BY: **CHARLES J.S. WOODSON, ESQUIRE**

For Defendant Bryan Robledo:
        CARLEEN R. ARLIDGE
        111 North Market Street
        San Jose, CA 95113
        BY: **CARLEEN R. ARLIDGE, ESQUIRE**

For Defendant Alex Yrigollen:
        LAW OFFICES OF PETER L. ARIAN
        333 Bradford Street
        Redwood City, CA 94063
        BY: **PETER L. ARIAN, ESQUIRE**

For Defendant Juan Soto:
        ERICK L. GUZMAN
        115 Fourth Street
        Santa Rosa, CA 95401
        BY: **SHAFFY MOEEL, ESQUIRE, SPECIALLY**
        **APPEARING**

For Defendant Edgardo Rodriguez:
        KALAR LAW OFFICE
        1569 Solano Avenue
        Berkeley, CA 94707
        BY: **STEVE KALAR, ESQUIRE**

**APPEARANCES CONTINUED:**

For Defendant Robert Maldonado:
                    WILMER CUTLER PICKERING HALE & DORR LLP
                    2600 El Camino Real
                    Palo Alto, CA 94306
           **BY:  MARK D. FLANAGAN, ESQUIRE**

                    GOODWIN PROCTER LLP
                    601 Marshall Street
                    Redwood City, CA 94063
           **BY:  JULIUS J. JEFFERSON, ESQUIRE**

For Defendant Eric Zarate:
                    LAW OFFICE OF JOHN J. JORDAN
                    601 Montgomery Street
                    San Francisco, CA 94111
           **BY:  JOHN J. JORDAN, ESQUIRE**

For Defendant Rocky Bracamonte:
                    BAY AREA CRIMINAL LAWYERS, PC
                    300 Montgomery Street
                    San Francisco, CA 94104
           **BY:  ALEXANDER GUILMARTIN, ESQUIRE**

For Defendant Joshua Cortez:
                    LAW OFFICE OF MARK R. VERMEULEN
                    755 Florida Street
                    San Francisco, CA 94110
           **BY:  MARK R. VERMEULEN, ESQUIRE**

For Defendant William Rodriguez:
                    ALANNA DEBRA COOPERSMITH
                    717 Washington Street
                    Oakland, CA 94607
           **BY:  ALANNA D. COOPERSMITH, ESQUIRE**

For Defendant Joseph Ruppel, Jr.:
                    RAMSEY & EHRLICH LLP
                    803 Hearst Avenue
                    Berkeley, CA 94710
           **BY:  AMY CRAIG, ESQUIRE**

For Defendant Anaelisa Cuevas:
                    LAW OFFICES OF TAMOR & TAMOR
                    311 Oak Street
                    Oakland, CA 94607
           **BY:  PETER ARIAN, ESQUIRE, SPECIALLY**
                      **APPEARING**

**APPEARANCES IN CR 21-00338:**

For Plaintiff:
                        OFFICE OF THE UNITED STATES ATTORNEY
                        150 Almaden Boulevard
                        San Jose, CA 95113
                **BY: DANIEL KASSABIAN**
                **ASSISTANT UNITED STATES ATTORNEY**


For Defendant Mike John Guerrero:
                        LAW OFFICE OF CALEB LIN
                        111 N. Market Street
                        San Jose, CA 95113
                **BY: PETER ARIAN, ESQUIRE, SPECIALLY**
                        APPEARING

**APPEARANCES IN CR 21-00339-YGR:**

For Plaintiff:
                        OFFICE OF THE UNITED STATES ATTORNEY
                        150 Almaden Boulevard
                        San Jose, CA 95113
                **BY: DANIEL KASSABIAN**
                **ASSISTANT UNITED STATES ATTORNEY**


For Defendant Nicole Alexandra McCabe:
                        LAW OFFICES OF HARRIS B. TABACK
                        345 Franklin Street
                        San Francisco, CA 94102
                **BY: HARRIS B. TABACK, ESQUIRE**

**APPEARANCES IN CR 21-00344-YGR:**

For Plaintiff:
                        OFFICE OF THE UNITED STATES ATTORNEY
                        150 Almaden Boulevard
                        San Jose, CA 95113
                **BY: DANIEL KASSABIAN**
                **ASSISTANT UNITED STATES ATTORNEY**


For Defendant Evan Yukin Kobayashi:
                        JAI M. GOHEL
                        819 Eddy Street
                        San Francisco, CA 94610
                **BY: JAI M. GOHEL, ESQUIRE**

**APPEARANCES IN CR 21-00345-YGR:**

For Plaintiff:

                      OFFICE OF THE UNITED STATES ATTORNEY
                      150 Almaden Boulevard
                      San Jose, CA 95113
             **BY:  DANIEL KASSABIAN**
                      **ASSISTANT UNITED STATES ATTORNEY**

For Defendant Felipe Munoz:

                      GREGOR DAVID GUY-SMITH
                      214 Duboce Avenue
                      San Francisco, CA 94103
             **BY:  GREGOR GUY-SMITH, ESQUIRE**

**APPEARANCES IN CR 21-00346-YGR:**

For Plaintiff:

                      OFFICE OF THE UNITED STATES ATTORNEY
                      150 Almaden Boulevard
                      San Jose, CA 95113
              **BY:  DANIEL KASSABIAN**
                      **ASSISTANT UNITED STATES ATTORNEY**

For Defendant Rosemarie Ramirez:

                      LAW OFFICE OF DARLENE BAGLEY COMSTEDT
                      2358 Market Street
                      San Francisco, CA 94114
              **BY:  DARLENE BAGLEY COMSTEDT, ESQUIRE**

For Defendant Genny Carranza:

                      LAW OFFICES OF VICKI H. YOUNG
                      2211 Park Boulevard
                      Palo Alto, CA 94306
             **BY:  VICKI H. YOUNG, ESQUIRE**

**APPEARANCES IN CR 21-00347-YGR:**

For Plaintiff:

                      OFFICE OF THE UNITED STATES ATTORNEY
                      150 Almaden Boulevard
                      San Jose, CA 95113
              **BY:  DANIEL KASSABIAN**
                      **ASSISTANT UNITED STATES ATTORNEY**

For Defendant Marco Abraham Urbina:

                      LAW OFFICES OF ROBERT W. LYONS
                      4200 Park Boulevard
                      Oakland, CA 94602
             **BY:  ROBERT W. LYONS, ESQUIRE**

**APPEARANCES IN 21-MJ-71438-MAG:**

For Plaintiff:

                        OFFICE OF THE UNITED STATES ATTORNEY
                        150 Almaden Boulevard
                        San Jose, CA  95113
                **BY:  DANIEL KASSABIAN**
                     **ASSISTANT UNITED STATES ATTORNEY**

For Defendant Hector Garcianava:

                        RAYMOND A. BUENAVENTURA
                        PO Box 686
                        Daly City, CA 94017
                **BY:  RAYMOND A. BUENAVENTURA, ESQUIRE**

**APPEARANCES IN 21-MJ-71467-MAG:**

For Plaintiff:

                        OFFICE OF THE UNITED STATES ATTORNEY
                        150 Almaden Boulevard
                        San Jose, CA 95113
                **BY:  DANIEL KASSABIAN**
                     **MAIA PEREZ**
                     **ASSISTANT UNITED STATES ATTORNEYS**

For Defendant Jorge Luis Solorio-Mendoza:

                        BRAUN, HAGEY & BORDEN LLP
                        351 California Street
                        San Francisco, CA 94104
                **BY:  ELLEN LEONIDA, ESQUIRE**

For Defendant Glendelia Faz:

                        LAW OFFICES OF ROBERT W. LYONS
                        4200 Park Boulevard
                        Oakland, CA 94602
                **BY:  ROBERT W. LYONS, ESQUIRE**

**<u>Thursday - December 16, 2021</u>**                              **<u>10:04 a.m.</u>**

                    **P R O C E E D I N G S**

                         **---000---**

          **THE COURT:**  Just couple a couple of preliminary

comments.

          First of all, the reason that I set all of these on the

calendar is because I wanted to understand from the

Government's perspective why all of them were related in one

way, shape, or form.  I hadn't received any specific

information on that because we had -- the Court had received

some informal information on that issue, and I thought if I

wanted to know, then all of you might want to know as well.

          So I appreciate the filing of the Government at Docket 52

in the 21-311 case.  That certainly gave me some information.

And I hope that by the end of today's proceedings, all of you

will have a measure more of information.

          As Frances has indicated to you, what we'll do here is go

ahead and call cases in numerical order.  To the extent that

you're with the Government and you're on multiple cases, feel

free to keep your video on once you come on.

          For those of you, the defendants' attorneys, you'll know

that your number is coming up so you can turn it on a little

bit early if you want so we can move through these more

quickly.

          I know most of you so it will be fun for me to say hello

1    to you, but some of you I don't know, and I've not met you.

2    Some of you are from the San Jose panel, and I'm not as

3    familiar with folks from that panel.

4        Anyway, that is the goal of today for me, is to have a

5    complete understanding of the totality of these cases, to get

6    you some dates, and then to think about next steps, whether

7    it's in individual cases or groups of cases.  All right.  So

8    that's the overview.

9        We will start with 21-311.  If you want to turn on your

10   videos, and Ms. Stone can direct you.

11       I should also say at the beginning here, in case you don't

12   know, Frances Stone is retiring on December 31st after 31 years

13   of service.  So we are incredibly -- I've been trying to

14   celebrate Frances for the last month.  I think it's my way of

15   mourning that I won't be able to work with her anymore.

16       My new CRD, Aris Garcia, is listening in and is backup

17   right now for Frances, who is training him.

18       So, anyway, I just wanted you all to know that.  I know

19   many of you have worked with Frances for many years.  We had

20   Judge Jensen come back, too, and congratulate Frances a couple

21   weeks ago.

22       She has been a terrific face for this court.  She's been

23   an incredible servant of the court family.  And we are

24   incredibly thankful and deeply appreciative for all that she's

25   done for the last 31 years.

1        Okay.  Frances, 21-311.

2            **THE CLERK:**  Okay.  So I will individually call each

3   defendant and have people appear, do it that way, Your Honor?

4            **THE COURT:**  Yes.

5            **THE CLERK:**  Okay.  All right.

6        Calling Criminal Action 21-311, United States vs. Jose

7   Garcia.

8        Counsel.

9            **MS. OVERBECK:**  Good morning, Your Honor.  This is Mari

10  Overbeck appearing for the United States.

11           **MR. GOLDROSEN:**  Good morning, Your Honor.  This is

12  Mark Goldrosen appearing for Jose Garcia.  He is present by

13  phone.

14       And congratulations to Frances, and thank you for all your

15  help over the years.

16           **THE CLERK:**  All right.

17       And then Juan Gonzalez in the same case.

18           **MR. GOLDROSEN:**  Your Honor, this is Mark Goldrosen

19  again, and I'm specially appearing for Adam Pennella  He

20  represents Juan Gonzalez, and I assume Juan Gonzalez is also on

21  the phone as well.

22           **THE COURT:**  So we can continue to move along, all of

23  the defendants' appearances are waived for this particular

24  proceeding.  Many of them are incarcerated and detained and

25  don't have access, but, in any event, thank you for letting me

1  know, Mr. Goldrosen.

2     Okay.

3          **THE CLERK:**  Defendant Paul Valenzuela.

4          **THE COURT:**  Mr. Berson, good morning.  I see you.

5  You're muted.

6          **MR. BERSON:**  Pardon me.  Can you hear me now?

7          **THE COURT:**  I can, sir.

8          **MR. BERSON:**  Good morning.  Mr. Valenzuela is my

9  client.

10     And I already objected directly to Ms. Stone about her

11  retirement plans so...

12          **THE COURT:**  All right.

13          **MR. BERSON:**  I'm very sorry to see her go.

14          **THE CLERK:**  Thank you.

15     All right.  Defendant Caleb Eller.

16          **THE COURT:**  Do we have anyone for -- not yet?  Okay.

17     How about next?

18          **THE CLERK:**  Kyle Leonis, "Lee-on-is," L-E-O-N-I-S.

19          **MR. DeFILIPPIS:**  Good morning, Your Honor.  Steve

20  DeFilippis appearing for Mr. Leonis.

21          **THE COURT:**  Good to meet you, sir.

22          **MR. DeFILIPPIS:**  Good to meet you as well.

23          **THE CLERK:**  Defendant Juan Dominguez.

24          **MR. DRESSLER:**  Good morning.  Alan Dressler appearing

25  for Mr. Dominguez.

1    And I have been appearing in front of Ms. Stone for all of

2  the 31 years that she's been a clerk.

3         **THE COURT:**  Good to see you, Mr. Dressler.

4    All right.  Next case, this is the 21-312 case.  Those on

5  21-311 can take your video down, and we will start with 312.

6         **THE CLERK:**  This is U.S. vs. Joshua Hernandez.

7         **MS. OVERBECK:**  Good morning again, Your Honor.  This

8  is Mari Overbeck appearing on behalf of the United States.

9         **THE COURT:**  Good morning, Your Honor.

10         **MR. RUBINO:**  Good morning, Your Honor.  Kevin Rubino

11  also appearing on behalf of the United States.

12         **THE COURT:**  Which office are you in, Mr. Rubino?

13         **MR. RUBINO:**  San Francisco.

14         **THE COURT:**  Okay.  Good to meet you.

15         **MR. RUBINO:**  Likewise.

16         **THE COURT:**  All right.

17    Mr. Stephanian, you're first up, sir.  Good morning.

18         **MR. STEPHANIAN:**  Good morning, Your Honor.  I

19  represent Joshua Hernandez, who presently has fugitive status.

20         **THE COURT:**  Okay.

21         **MR. STEPHANIAN:**  And good luck to Frances.

22         **THE CLERK:**  Okay.  Thank you.

23    Giovanni Coria, C-O-R-I-A.

24         **MS. SHIFMAN:**  Good morning, Your Honor.  Gail Shifman

25  on behalf of Mr. Coria.  We agree to proceed on the Zoom

1   platform because of the pandemic.  He is not actually on the

2   phone.  His appearance is waived.

3       And I do want to thank Frances for all her help and for

4   putting up with me all these years.

5           **THE COURT:**  Good morning, Ms. Shifman.  Good to see

6   you.

7           **MS. SHIFMAN:**  Same here, Your Honor.

8           **THE CLERK:**  All right.  Thank you.

9       Defendant Andrew Anchondo.

10          **MR. VAUGHNS:**  Good morning, Your Honor.  Phil Vaughns

11  on behalf of Mr. Anchondo.

12      And like everyone else, I'm not so much as sad Frances is

13  leaving as much as I'm glad that she has been with us for 30

14  years.

15          **THE COURT:**  Well said, Mr. Vaughns.  Good morning.

16          **THE CLERK:**  And I skipped Defendant Charles Pineda.

17  He was Defendant 3.  Charles Pineda.

18                  (Music playing in the background)

19          **THE CLERK:**  I don't know what that is.  I'm going to

20  mute that.  I don't know if that call is on call-waiting.

21      Okay.  We'll go to Defendant Eliseo Martinez.

22          **THE COURT:**  Hold on.  So I think Mr. Lindstrom, are

23  you here with respect to Mr. Pineda?  And you're muted, sir.

24          **MR. KOLLER:**  How does that work?

25          **THE COURT:**  That's better.  Thank you.

1    **MR. KOLLER:**  My name is Ben Koller.  I'm appearing

2  specially for Mr. Lindstrom -- and it's K-O-L-L-E-R -- on

3  behalf of Mr. Pineda.

4    **THE COURT:**  Okay.  Thank you, sir.  Good morning.

5    **MR. KOLLER:**  Thank you.  Good morning.

6    **THE CLERK:**  And then Eliseo Martinez.  I don't know if

7  anybody is assigned to that one yet.

8    **THE COURT:**  I don't think so.

9    **MS. SHIFMAN:**  Actually there is.  It's Bruce Funk, I

10  believe.

11    Is that correct, Mr. Rubino?

12    **MR. RUBINO:**  It is.

13    Your Honor, Mr. Funk just emailed me suggesting that he

14  may be having technical difficulties accessing.  I re-sent him

15  the Zoom login information so hopefully he will sign in before

16  the hearing is concluded.

17    **MS. SHIFMAN:**  In the interim, I will specially appear

18  for Mr. Funk.

19    **THE COURT:**  Thank you.

20    **THE CLERK:**  And then Defendant Nicholas Mendez.

21    **MR. THOMSON:**  James Thompson on behalf Mr. Mendez.

22    Frances, safe travels.

23    **THE COURT:**  Good to see you, Mr. Thompson.

24    **MR. THOMSON:**  You as well, Your Honor.

25    **THE COURT:**  All right.  Next case.

1      **THE CLERK:**  Criminal 21-325.  First defendant, U.S.

2   vs. Jaime Ontiveros.  I'm not sure if that's assigned yet.

3      **MR. BACKHUS:**  Good morning, Your Honor.  Jeffrey

4   Backhus for the United States.  I'm with the San Jose office.

5      **THE COURT:**  I'm sorry, sir.  How do you spell your

6   name?

7      **MR. BACKHUS:**  Backhus, B-A-C-K-H-U-S, for the

8   United States, again with the San Jose office.  Good morning.

9      **THE COURT:**  Okay.  Good morning.  Good to meet you.

10     **MR. BACKHUS:**  Good to meet you, Your Honor.

11     **THE COURT:**  Do we have someone for Jaime Ontiveros?

12  Has he been --

13     **MR. BACKHUS:**  No, Your Honor.  I believe that he is

14  fugitive status right now.  I don't believe there is anyone

15  assigned as of yet.

16     **THE COURT:**  How about Jonathan Lee?

17     **MR. BACKHUS:**  The same.

18     **THE CLERK:**  All right.  So Defendant Jaime Medina

19  Hernandez.

20     **MR. LYONS:**  Yes, Your Honor.  My name is Robert Lyons,

21  and I'm appearing on his behalf.  He should be available.

22     **THE COURT:**  Okay.  Good morning, Mr. Lyons.

23     **MR. LYONS:**  Good morning, Judge.

24     **THE COURT:**  All right.  Next.

25     **THE CLERK:**  Clemente Garcia Barraza.

1          **MS. McGLENON:**  Good morning, Your Honor.  Ann McGlenon

2   for Mr. Garcia Barraza.  His appearance is waived.  And --

3   that's it.  Thank you.

4          **THE COURT:**  Good to meet you, Ms. McGlenon.

5          **MS. McGLENON:**  Good to meet you.  Thank you.

6          **THE CLERK:**  All right.  Defendant Luis Quiros,

7   Q-U-I-R-O-S.

8          **THE COURT:**  The next series -- we have a series of

9   individual defendants, so if you --

10          **THE CLERK:**  Sorry.

11          **THE COURT:**  If you want to come on in, if you've got

12   an individual defendant, that's fine.

13       We have Mr. Rubino for the Government; is that right?

14          **MR. RUBINO:**  Yes, Your Honor.  Good morning.

15          **THE COURT:**  Good morning.

16          **MR. PRATHER:**  And good morning, Your Honor.  Edwin

17   Prather on behalf of Luis Quiros, whose appearance has been

18   waived.

19       And I add my congratulations to Ms. Stone.  Thanks for

20   your years of service.

21          **THE COURT:**  Mr. Prather, good morning.

22          **MR. PRATHER:**  Good morning, Judge.

23          **THE CLERK:**  Thank you.

24       The next case, 21-328, U.S. vs. David Cervantes.  This is

25   the multiple defendant one.

1    **THE COURT:**  Yes.  That's right.  Sorry about that.

2    **MS. CORNELL:**  Good morning, Your Honor.  Erin Cornell

3    for the United States.

4    **THE COURT:**  Ms. Cornell, good morning.

5    **MR. RUBINO:**  And Kevin Rubino also for the

6    United States on this matter.

7    **MS. OVERBECK:**  And likewise, this is Mari Overbeck

8    again for this matter appearing on behalf of the United States.

9    **THE COURT:**  Okay.  And is there still a Katherine

10   Griffin for the Government on this case?

11   **MS. CORNELL:**  No longer, no.  She is no longer working

12   on this case.

13   **THE COURT:**  Okay.  Thank you.

14      All right.  So we will start with the first defendant

15   named David Cervantes.

16   **MR. REICHMUTH:**  Good morning, Your Honor.  John Paul

17   Reichmuth for David Cervantes, who is not present.

18      And congratulations and thank you very much, Ms. Stone.

19   **THE COURT:**  Good morning, Mr. Reichmuth.

20   **THE CLERK:**  Thank you.

21      All right.  Defendant Antonio Guillen.

22   **MS. MOEEL:**  Good morning, Your Honor.  Shaffy Moeel

23   for Mr. Guillen.

24      I'm also making a couple special appearances, and I can

25   state them now or later in order, however the Court likes.

1      **THE COURT:**  It might be easier for Ms. Stone,

2   Ms. Moel, for you to do it once the name is called.

3      **MS. MOEEL:**  Sure.  Thank you.

4      **THE COURT:**  Good morning.

5      **THE CLERK:**  Okay.  Defendant James Perez.

6      **MR. BABCOCK:**  Good morning, Your Honor.  Erik Babcock

7   for Mr. Perez, who is not present.

8      **THE COURT:**  Good morning, Mr. Babcock.

9      **THE CLERK:**  Okay.  Defendant Samuel Luna.

10     **MS. KANE:**  Good morning, Your Honor.  Miranda Kane on

11  behalf of Mr. Luna, who is not present.

12     And thank you very much, Frances, for all your hard work

13  over these years.

14     **THE CLERK:**  Thank you.

15     And Defendant Guillermo Solorio, which is Ms. Pollock's

16  case; however --

17     **MR. JORDAN:**  Correct, Your Honor, but this is John

18  Jordan.  I'm appearing specially on her behalf with the Court's

19  permission.

20     And I would like to add my good wishes to Ms. Stone.

21     **THE COURT:**  Thank you, Mr. Jordan.

22     **THE CLERK:**  Okay.  Defendant Trinidad Martinez.

23     **MS. SPENCER:**  Good morning, Your Honor.  Michelle

24  Spencer appearing on behalf of Mr. Martinez, who is not

25  present.

1          **THE COURT:**  Good morning, Ms. Spencer.  It's good to

2    meet you.

3          **MS. SPENCER:**  You too, Your Honor.

4          **THE CLERK:**  And then Defendant George Franco.

5          **MR. RORTY:**  Good morning, Your Honor.  Jay Rorty for

6    George Franco, who is not present.

7          **THE COURT:**  Okay, Mr. Rorty.  Good morning.  Good to

8    meet you.

9          **MR. RORTY:**  You as well.

10         **THE CLERK:**  Defendant Steven Trujillo.

11         **MR. PLOTSKY:**  Your Honor, David Plotsky.  I'm

12   representing Mr. Trujillo.  Pleased to meet you, Your Honor.

13         **THE COURT:**  Good to meet you, too, Mr. Plotsky.  Good

14   morning.

15         **THE CLERK:**  Defendant Salvador Castro.

16         **MR. WOODSON:**  Good morning, Your Honor.  Charles

17   Woodson on behalf of Mr. Salvador Castro, Jr., who is not

18   present.

19      And congratulations, Ms. Stone.

20         **THE COURT:**  Good morning, Mr. Woodson.

21         **THE CLERK:**  Defendant Bryan Robledo.

22         **MS. ARLIDGE:**  Yes.  Carleen Arlidge for Mr. Robledo.

23         **THE COURT:**  Ms. Arlidge, good morning.  Good to meet

24   you.

25         **MS. ARLIDGE:**  Good morning.  We've met a long time

1    ago, Judge.  Thank you.

2              **THE CLERK:**  Defendant Alex Yrigollen.

3              **MR. ARIAN:**  Good morning, Your Honor.  Peter Arian on

4    behalf of Alex Yrigollen.  He is not present.

5         I don't know Frances that well, but best of luck in

6    whatever she does.

7              **THE COURT:**  Thank you, Mr. Arian.  Good morning.

8              **THE CLERK:**  Defendant Juan Soto.

9              **MS. MOEEL:**  Good morning, Your Honor.  Shaffy Moeel

10   appearing for Erick Guzman on behalf of Mr. Soto.

11        And I forgot to say, but, Frances, thanks for your

12   kindness these last ten years that I have known you.

13             **THE COURT:**  Thank you, Ms. Moeel.

14             **THE CLERK:**  Defendant Edgardo Rodriguez.

15             **MR. KALAR:**  Good morning, Your Honor.  Steve Kalar on

16   behalf of Mr. Rodriguez, who is not present.

17             **THE COURT:**  Good morning, Mr. Kalar.  I don't know you

18   at all, do I?

19             **MR. KALAR:**  No.  I look forward to making your

20   acquaintance, Your Honor.

21             **THE COURT:**  All right.  Next.

22             **THE CLERK:**  Defendant Robert Maldonado.

23             **MR. FLANAGAN:**  Good morning, Your Honor.  Mark

24   Flanagan and Julius Jefferson on behalf of Maldonado.

25             **THE COURT:**  Good morning, Mr. Flanagan.  Good to meet

1    you.

2                 MR. FLANAGAN:  Likewise.

3                 THE CLERK:  Defendant Eric Zarate.

4                 MR. JORDAN:  John Jordan on behalf of Mr. Zarate.

5    He's not present.

6                 THE COURT:  Good morning again.

7                 THE CLERK:  Okay.  Defendant Rocky Bracamonte.

8                 MR. GUILMARTIN:  Good morning, Your Honor.  Alexander

9    Guilmartin for Mr. Bracamonte.

10                THE COURT:  Okay.  Good morning, Mr. Guilmartin.

11                THE CLERK:  Defendant Joshua Cortez.

12                MR. VERMEULEN:  Good morning.  Mark Vermeulen for

13   Joshua Cortez.

14        I wish you the best, Frances, in the years ahead.

15                THE COURT:  Mr. Vermeulen, good morning.

16                THE CLERK:  All right.  Defendant William Rodriguez.

17                MS. COOPERSMITH:  Good morning, Your Honor, and

18   Ms. Stone.  Alanna Coopersmith on behalf of William Rodriguez,

19   who is not present.

20                THE COURT:  Good morning.

21                THE CLERK:  Okay.  And then Defendant --

22                THE COURT:  Go ahead.

23                THE CLERK:  Defendant Marvin Rodriguez.  I don't know

24   if there has been --

25                THE COURT:  Has there been an appointment?

1    **MR. ARIAN:**  Your Honor, I believe that the Defendants

2    Rodriguez and Mora are in fugitive status, and they have not

3    been appointed counsel.

4        **THE CLERK:**  I will just say same the name for the next

5    one.  Cristian Mora, which -- fugitive status.  Okay.

6        And then Defendant Martin Joseph Ruppel or "Rup-el."

7        **MS. MOEEL:**  Good morning, Your Honor.  I understand

8    that this was Mr. Sugarman's case, and he has been replaced,

9    but he has asked me to stand in for him until he --

10       **THE COURT:**  Replaced by whom?  I had Mr. Sugarman on

11   this one, Ms. Moeel.

12       **MS. CRAIG:**  Your Honor, this is Amy Craig.  I have

13   been asked to be appointed as counsel for Mr. Ruppel.

14   Mr. Sugarman filed a motion to withdraw as counsel due to a

15   conflict yesterday.  I believe it's Docket 173.

16       **THE COURT:**  Okay.  And, Ms. Craig, you are being

17   appointed through the CJA program; right?

18       **MS. CRAIG:**  Yes, Your Honor.

19       **THE COURT:**  Okay.  That motion is granted, and your

20   appointment is approved.

21       **MS. CRAIG:**  Thank you, Your Honor.

22       **THE COURT:**  Thank you.  Welcome aboard.

23       **THE CLERK:**  Defendant Anaelisa Cuevas.

24       **MR. ARIAN:**  Peter Arian specially appearing for

25   Richard Tamor for Anaelisa Cuevas.  My understanding is

1  Ms. Cuevas is not present before the Court.

2          **THE COURT:**  Okay.

3     Next case.

4          **THE CLERK:**  Defendant Mike John Guerrero.

5          **MR. KASSABIAN:**  Good morning, Your Honor.  Daniel

6  Kassabian for the Government.

7          **THE COURT:**  Good morning.  Which office are you in,

8  sir?

9          **MR. KASSABIAN:**  The San Jose branch.

10          **THE COURT:**  Thank you.

11          **MR. ARIAN:**  Your Honor, Peter Arian specially

12  appearing for Caleb Lin who is attorney of record for

13  Mr. Guerrero.  Mr. Guerrero is not present.

14          **THE COURT:**  Okay.  Thank you.

15          **MR. KASSABIAN:**  Your Honor, my understanding was that

16  a substitution of counsel motion had been filed and that that

17  would be taken care of now.

18          **MR. ARIAN:**  That is correct, Your Honor.  My

19  understanding is that the attorney substituting in, who is

20  Emily Dahm, is not present today, and as such, I don't know if

21  the Court can make that substitution for this hearing -- or at

22  this time.

23          **THE COURT:**  Yeah.  I don't think -- I take it -- if

24  she's not here, then no, I can't.  All right.

25          **THE CLERK:**  Nicole Alexandra McCabe.  This is case

```
1    21-339.
2            MR. KASSABIAN:  Good morning, Your Honor.  Daniel
3    Kassabian again for the Government.  I will also note that I
4    believe I'm counsel for the Government on the remainder of the
5    cases.
6            THE COURT:  Okay.
7            MR. TABACK:  And good morning, Your Honor.  Harris
8    Taback appearing via Zoom in light of the global pandemic for
9    my client, Ms. McCabe.  I believe she is joining us on the
10   phone for purposes of this appearance.
11       And if I may just have a moment to thank Ms. Stone for
12   just all the kindness she's shown me in the past 31 years and
13   to congratulate her on a career extremely well done.  Thank
14   you, Ms. Stone.
15           THE CLERK:  Thank you.
16           THE COURT:  Thank you, Mr. Taback.  Good morning.
17           THE CLERK:  And so criminal case 21-344, U.S. vs. Evan
18   Kobayashi case.
19           THE COURT:  I think we have 340 first, Frances.
20           THE CLERK:  Did I skip one?
21           THE COURT:  Well, maybe he's still on fugitive status.
22   21-340, U.S. vs. Javier Pacheco.  Is that fugitive status,
23   Mr. Kassabian?
24           MR. KASSABIAN:  Yes, Your Honor.  Actually, those
25   three are.  Mr. Javier Efren Pacheco, Michael Paul Stephens,
```

1  and Ramiro Velasco, Jr., et al., are all in fugitive status.

2          THE COURT:  All right.  So those respectively are

3  21-340, 21-341, and 21-342, which takes us now back to 21-344.

4       Thank you, Frances.  You can go ahead.

5          THE CLERK:  All right.  And so Evan Kobayashi is the

6  defendant.

7          MR. GOHEL:  Yes.  Good morning, Your Honor.  Jai Gohel

8  for Mr. Kobayashi.  His presence is waived.

9       I'm sorry I'm not on video, Your Honor.  I'm in trial out

10  of the area, and I'm having some technical difficulties, so

11  please indulge me.

12          THE COURT:  Good morning, sir.  Thank you.

13          THE CLERK:  Okay.  And then 21-345, U.S. vs. Felipe

14  Munoz case.

15          MR. GUY-SMITH:  Good morning, Your Honor.  Gregor

16  Guy-Smith on behalf of Mr. Munoz, who is presently in custody.

17          THE COURT:  Good morning, Mr. Guy-Smith.

18          MR. GUY-SMITH:  And, Frances, be well, stay well,

19  travel well.  It's been a pleasure these many years.

20          THE CLERK:  Thanks.

21       All right.  And then criminal action 21-345, United States

22  vs. Cris Eric Moreno.  And I don't know if there is a fugitive

23  status or assignment.

24          MR. KASSABIAN:  Fugitive status.  Thank you.

25          THE CLERK:  Okay.

1    And then criminal action 21-346, United States vs.

2  Rosemarie Ramirez case.

3    **MS. COMSTEDT:**  Good morning, Your Honor.  Darlene

4  Comstedt on behalf of Ms. Ramirez, whose presence has been

5  waived.

6    **THE COURT:**  Good morning, Ms. Comstedt.  I know the

7  name.  Good to meet you.

8    **MS. COMSTEDT:**  You, too.

9    **MS. YOUNG:**  Good morning, Your Honor.  Vicki Young

10  appearing on behalf of Genny Carranza, whose appearance has

11  been waived.

12    **THE COURT:**  Good morning.  Same with you

13  Ms. Young.  Know the name.  Good to meet you.

14    **MS. YOUNG:**  Thank you.

15    **THE CLERK:**  Calling criminal action 21-347, U.S. vs.

16  Max Augusto Urbina, and I'm not sure if that's assigned yet.

17    **MR. LYONS:**  Your Honor, Robert Lyons here.  He would

18  have been my client, but he has -- he's in custody in Ukiah

19  under a 1368 competency hold in a state case, and so I cannot

20  do anything with him until he's restored to sanity and brought

21  before the Court.

22    **THE COURT:**  So, Mr. Lyons, I had you with Marco Urbina

23  not Max Urbina; is that correct?

24    **MR. LYONS:**  I am with Marco, and he is present, so I

25  would be more than happy to have him call.

1        **THE COURT:**  Okay.  So we'll note that for the record,

2    Frances.

3        **THE CLERK:**  Okay.

4        **THE COURT:**  Mr. Lyons is here on behalf of Marco

5    Urbina.  I guess Max Urbina is just not in front of the Court

6    then.

7        **MR. LYONS:**  No, he's not, Judge.

8        **THE COURT:**  And, Mr. Kassabian, are you aware of the

9    custodial status then of Max Urbina?

10       **MR. KASSABIAN:**  Yes, Your Honor.  I've been in touch

11   with the prosecutor in Mendocino County and the public defender

12   assigned to his case.  My understanding is that he will remain

13   in that status until restored up to two years.

14       **THE COURT:**  Okay.

15      All right, Frances.

16       **THE CLERK:**  And then there's a couple magistrate judge

17   cases.  Should I go ahead, Your Honor, and call those?

18       **THE COURT:**  Sure, if there are people here on those

19   matters.

20       **THE CLERK:**  All right.  The first one is 21-mj-71438,

21   U.S. vs. Hector Garcianava.

22       **MR. BUENAVENTURA:**  Yes.  Good morning, Your Honor.  My

23   name is Ray Buenaventura, and I represent Mr. Garcianava, who

24   is not present.

25      It's a pleasure to meet you today.

1    **THE COURT:**  It's good to meet you, too, sir.

2    **THE CLERK:**  I'm not sure.  The U.S. Attorney, is that

3    Mr. Kassabian?

4    **MR. KASSABIAN:**  Yes, Your Honor.  I'm on this case

5    along with my colleague, Christopher Lee, not present today.

6    **THE CLERK:**  Okay.  And then the next magistrate case

7    21-mj-71467.  That's U.S. vs. Glendelia Faz.

8    **MR. LYONS:**  Yes, Your Honor.  Robert Lyons on her

9    behalf.  She should be available.

10    **THE CLERK:**  And then the other defendant in that

11    case --

12    **MS. PEREZ:**  So --

13    **THE CLERK:**  Sorry.

14    **MS. PEREZ:**  Sorry, Your Honor.  Maia Perez on behalf

15    of the United States as well.

16    **MR. KASSABIAN:**  I'm also on this case, Your Honor.

17    Thank you.

18    **THE CLERK:**  Excuse me.  Sorry.

19    And so the other defendant in the 71467 case is Jorge Luis

20    Solorio-Mendoza.

21    **MS. LEONIDA:**  Good morning, Your Honor.  Ellen Leonida

22    for Jorge Solorio.

23    And I want to thank Frances for all of her hard work and

24    her kindness to me for these ten years that I've known you,

25    especially the first ones, when I really needed it.  You're

1   leaving a huge hole in the heart of this court.

2            THE COURT:  Hi, Ms. Leonida.  It's been a while.

3   Welcome back.  Or at least on my platform.

4       Okay.  I think that is all.

5            MR. FUNK:  Your Honor, I apologize.  This is Bruce

6   Funk, and I represent Eliseo Martinez, and I think you probably

7   called the case before I was able to get this special Zoom

8   link.

9            THE COURT:  Yes.

10           MR. FUNK:  That's on the Joshua Hernandez, et al.,

11  case.

12           THE COURT:  I see you now.  Got you.  Thank you very

13  much.  Good to meet you, Mr. Funk.

14           MR. FUNK:  Nice to meet you.  I apologize.  I was

15  waiting on the wrong Zoom link.  I apologize.

16           THE COURT:  No worries.

17      Okay.  So I think that there needs to be a series of

18  orders done -- issued with respect to all of these cases.  If

19  we can have -- do we have the discovery coordinator here as

20  well?

21           MR. ELLIS:  Good morning, Your Honor.  John Ellis.

22           THE COURT:  Good morning, Mr. Ellis.

23      So Mr. Ellis has been appointed on some of these cases but

24  not all of them, and we should deal with that just as a

25  procedural matter with respect to any of the cases that he

1    should be appointed to.

2         I would ask the Government -- and I don't know if you've

3    coordinated among yourselves who is going to be primarily

4    speaking, but I would ask just to you first whether you have

5    anything to add to informing the Court about how these cases

6    all relate to each other that you didn't put in your filing

7    from December 14th.

8         **MR. RUBINO:**  Good morning, Your Honor.   Kevin Rubino.

9    I can address that question.

10        I don't think we have anything to add at this point, but

11   we certainly welcome any questions the Court may have about any

12   additional information about the individual cases or the

13   relationship among them.

14        **THE COURT:**  What I would say with respect to the

15   Defense counsel, if you have a question, then I would suggest

16   you turn on your video so that questions can be asked of the

17   U.S. Attorneys.  Obviously you ask to me as opposed to the U.S.

18   Attorney, just like you would do in court.

19        Ms. McGlenon.

20        **MS. McGLENON:**  Your Honor, I have received no

21   discovery.  It was not until I was contacted by Ms. Shifman,

22   November 29th, that I recognized the possible -- what the

23   connection might be, but I have no idea even what quantity of

24   drugs my client is alleged to have participated in.

25        I don't know whether I am one of the people who is going

1     to get discovery from Mr. Ellis.   I have heard nothing other

2     than that Mr. Backhus has said that he would get me discovery

3     as soon as possible, and that was the day after I was

4     appointed, which was quite some time ago.

5         So I just wanted to bring that to the attention of the

6     Court and counsel because there is due process involvement.   I

7     would like to get some discovery.   I'd like to at least be able

8     to advise my client of potential sentences.

9         Thank you.

10         **THE COURT:**   Okay.   And I think what will probably be

11     helpful, just with respect to my own spreadsheet, is if you

12     identify your case number first because I've got two pages of

13     lawyers and cases.

14         **MS. McGLENON:**   I apologize.   I'm on 325 for

15     Mr. Clemente Garcia Barraza.

16         **THE COURT:**   Great.   Thank you.

17         All right.   So we are going to deal with discovery issues.

18     Other questions from Defense counsel?   No.

19         All right.   Just turn on your video if -- Mr. Guy-Smith.

20         **MR. LYONS:**   Your Honor, this is Robert Lyons.

21         **THE COURT:**   Not your turn, Mr. Lyons.   Not your turn.

22     Mr. Guy-Smith.

23         **MR. GUY-SMITH:**   Yes.   This is for 345, Munoz.

24         On the 18th of November I received a letter with an index

25     concerning the discovery that I was to receive.   On the 24th of

November, I received a modified letter that deleted discovery that I was to receive.

The discovery that has been deleted is pertinent and germane to -- specifically to my client because it includes my client's likeness by way of video and my -- and allegedly one, if not two, audios in which my client's voice apparently must be on them.

And I'd like to know when I can get those items of discovery so I can share them with my client and discuss the particulars of his case.

**THE COURT:**  Okay.

Mr. Lyons.

**MR. LYONS:**  Yes.  Robert Lyons here, Judge.

**THE COURT:**  Question?

**MR. LYONS:**  I was simply going to add that Cindy Diamond is going to be coming into this case as associate counsel for me to assist me with the vast discovery on the various clients, so I just want to make that clear.  She will be filing a notice very shortly about that.

**THE COURT:**  Okay.

**MR. LYONS:**  Thank you.

**THE COURT:**  Mr. Arian?

**MR. ARIAN:**  Thank you, Your Honor.

I understood the Court's question to be questions about the relation between the cases, but if it's open season, may I

1   address a couple issues?

2          **THE COURT:**  It's open season, as you call it.  I'm

3   just taking notes at this point, and once I get enough

4   questions, then I'll try to put some structure around it.

5          Go ahead, Mr. Arian.

6          **MR. ARIAN:**  Thank you.

7          I've been asked to speak on behalf of the clients in

8   21-328 -- primarily speak.  I'm sure other people might want to

9   chime in.  Those are the Atwater clients, Your Honor.  Our

10  clients were, for the most part, I think with several

11  exceptions, CDCR inmates who were transferred or being housed

12  in Atwater, California.

13         As relates to discovery, we have received, through

14  Mr. Ellis, an initial production and a secondary production,

15  although we have not received the link for the secondary

16  production on the Cloud.

17         The issues that are coming up for the most part, as I

18  understand them, as relates to discovery are technical on one

19  end as to the second production.  We're trying to work through

20  the usual type of issues that occur when you have several

21  thousand pages of documents that are being provided to a number

22  of different people.  However, this Court did sign a protective

23  order.

24         And the second issue is that -- I'm flagging for the Court

25  but not bringing now -- and I think we're going to have to go

1   back and work it out with the Government -- is at the initial

2   glance, I think we have around 2,000 pages or just short of

3   2,000 pages, which have been deemed sensitive under the

4   protective order, and about 55 which are non-sensitive.  And

5   we're going to have to go back to the Government and meet and

6   confer and look at that designation because the way the

7   protective order works, we cannot provide sensitive documents

8   to our clients who are housed far away, and we're going to have

9   to go page by page through those documents as we prepare these

10   pleadings.  It's really difficult.

11       That segues into the second issue which I wish to talk to

12   the Court about, which is that we are working to meet and

13   confer with the United States Marshal about the limited access

14   to computers and discovery that our clients have in their

15   current conditions of confinement.  And I know that's not ripe.

16   I know that's something we have to take up with the marshal and

17   work out.  I'm just flagging this for the Court because you're

18   going to have to set a future date and ostensibly set dates on

19   a wiretap motion at some point down the line.  We're not there

20   yet.  We haven't gotten the applications or the entirety of the

21   applications yet, and, frankly, if it is as it currently is,

22   it's going to take us years to go through these wiretap

23   applications with our clients in a setting that's far away and

24   difficult to work through.

25       The final thing I wanted to say and bring up with the

1  Court was that I absolutely -- and I'm not going to belabor the

2  point.  I absolutely understand that under Rule 43, the Court

3  can order these conferences without the presence of our

4  defendants.  At least speaking for my client, what I know of

5  the other clients, our clients are fairly savvy and up on court

6  process, and they would really like to be here and have, you

7  know, the ability to have access to the Court and interact with

8  the Court and understand what's going on.

9       Several attorneys tried to get this livestreamed into

10  Atwater and that didn't work out.  We received an email this

11  morning.

12       I think -- and I totally respect the Court on this.  I'm

13  not trying to create a problem.  We object to having this

14  conference without their presence.  And I think --

15          **THE COURT:**  Let me be clear, given that you've put an

16  objection on the record.  The objection is overruled, and it's

17  noted for the record.

18       To the extent that -- this wasn't supposed to be hugely

19  substantive.  I will say that off the bat.  I was asked to

20  consider taking all of these cases, and when I started looking

21  at the dockets, they were going all over the board, and I had

22  no idea how all these things fit together.

23       So you can hold all your comments, and we will figure out

24  some way to provide audio access.  And so we don't have to do

25  anything substantive today in that regard so that your clients

1   can have access, and clearly they can have a copy of the

2   omnibus statement that the Government provided.

3       But as an initial organizing measure, I was not prepared

4   to wait to do something in all of these cases.  So --

5           **MR. ARIAN:**  I understand, Your Honor, and I'm not

6   throwing stones.  I'm just saying that --

7           **THE COURT:**  You made an objection, Mr. Arian, and I

8   needed to deal with your objection, and the objection is

9   overruled.

10          **MR. ARIAN:**  Very well.

11          **THE COURT:**  And so, again, for purposes of the record,

12  we are still operating under General Order 74 and 78.  We are

13  still in the midst of a pandemic.  We are not doing any

14  proceedings in court other than pleas and sentencings.  Status

15  conferences we have deemed are not -- there is not a

16  constitutional right to be physically present for them.  We

17  have provided audio access for the public, and as a number of

18  people have told me, their clients are listening in.  But given

19  the objection, I have to deal with it.

20          **MR. ARIAN:**  I understand, Your Honor.  And I -- you

21  know, I just want to express to the Court that my clients want

22  to be here.  That's what I'm saying.

23          **THE COURT:**  And you don't know me very well,

24  Mr. Arian, but I can tell you I bend over backwards to make

25  sure that defendants have access to proceedings, to their

1   lawyers, and so I'm fully aware of the need.

2            MR. ARIAN:  Very well.  Thank you for that,

3   Your Honor.

4        The last thing I just wanted to bring up before I pass on

5   the mic was I know the Court is going to set future dates.  I'm

6   hopeful -- we will order a transcript after this and give it to

7   our clients so that they know what went on today.  And I'm just

8   hopeful that the Court understands that in setting a future

9   date, we're just at the beginning of this.  And that --

10           THE COURT:  I understand.

11           MR. ARIAN:  All right.  Thank you, Your Honor.

12           THE COURT:  Ms. Shifman.

13           MS. SHIFMAN:  Thank you, Your Honor.  Gail Shifman on

14   behalf of Giovanni Coria.  That's in case 312.

15       Your Honor, just briefly with regard to the defendants in

16   case 312, we've met and conferred.  With regard to the

17   Government's supplemental notice regarding related cases or

18   status statement, however we want to refer to it, we don't have

19   any objection to the idea that our case and the other cases

20   where the wiretap evidence is substantial and overlaps -- that

21   those cases are related, and however the Court wants to proceed

22   in discussing whether those cases get set together or those

23   cases get set in separate court hearings, I think we're kind

24   of -- at this point at least when we're still in the

25   organizational phase of the case, we're open to whatever makes

1    the most sense, both from judicial economy and to ensure that

2    our clients have an opportunity to be heard at any hearing, if

3    that becomes necessary at any given hearing.

4         With regard to discovery, we've been in touch with

5    Mr. Ellis and his office.  We know that the Government has one

6    large production that's gone his way.  That will take -- it's

7    mainly wiretap information.  That includes affidavits.

8    Presumably that includes line sheets, periodic reports.

9    Presumably that includes interceptions.

10        Mr. Ellis is working, as I understand it, with his vendors

11   to get that together for distribution for us in the 312 case

12   and in other cases as he can describe to the Court.  And we

13   appreciate that, and we appreciate that the -- and ask that the

14   Government continue to work closely with his office on the

15   technical issues.  That would be a great timesaver.

16        I do want to join in.  I think it's case 328, is the

17   Cervantes case.  In the -- just teeing up the idea to the Court

18   so that you know this may become an issue, with regard to the

19   production that we've gotten to date, at least with regard to

20   the affidavits, they have been stamped confidential, sensitive

21   information, which is Category No. 4 in the protective order

22   which took, I don't know, four, six weeks to negotiate which by

23   Northern District standards is fast, and to get everybody to

24   sign onto it without any litigation, which was a miracle,

25   frankly.

1     It does appear that that -- in scrolling through it, that

2  it is also heavily redacted.  I anticipate, obviously, several

3  meet-and-confers with the Government with regard to its

4  designation as sensitive information, which means we cannot

5  provide it under the terms of the protective order to our

6  clients, while it is at the same time heavily redacted.  I'm

7  certainly not prepared to in substance talk about that and

8  wouldn't bring it back before the Court until after a number of

9  meet-and-confers, but I do see that as a potential issue here.

10          **THE COURT:**  Thank you, Ms. Shifman.

11     Mr. Babcock.

12          **MR. BABCOCK:**  Sorry, Your Honor.  I didn't have

13  anything specifically to raise.

14          **THE COURT:**  I saw your video was on, and that's the

15  way I'm --

16          **MR. BABCOCK:**  Gotcha.

17          **THE COURT:**  All right.

18     Ms. Comstock or Comstedt.  Sorry.

19          **MS. COMSTEDT:**  No problem.

20     Your Honor, I believe one of the matters that was going to

21  be discussed today was the relatedness or not of these cases,

22  and I just wanted to note for the Court prior to the case being

23  assigned to you in case 21-CR-346 on behalf of Ms. Ramirez and

24  also joined by co-defendant Ms. Carranza represented by

25  Ms. Young, we did file a notice of opposition to the relation

1    of the cases.  And I just think it's worth noting, given the

2    Government's most recent pleading in advance of this omnibus

3    motion -- noting that with the exception of our two clients,

4    everybody has some gang relation or involvement with the

5    Nuestra Familia or one of the two gangs down in San Jose.

6        Our clients are very differently situated, and so -- as

7    evidenced by the Government's own pleading.  I just wanted to

8    raise that for the Court's -- to the Court's attention.

9        **THE COURT:**  Okay.  So are you asking that the Court

10   send you back?  And I'm not going to consolidate right now.

11   There's no basis upon which to consolidate everything.

12       All of this was done really for -- primarily for judicial

13   economy reasons and as a right.  As you saw, the Executive

14   Committee of the Court issued the order relating all of the

15   district judges down in San Jose, signed it, and I agreed to

16   accept, and I signed it as well.

17       So I'm not exactly sure what the process would be to go

18   back to the Executive Committee and how we would untangle that

19   one case.

20       **MS. COMSTEDT:**  And I'm not sure either.  I just wanted

21   to note for the Court that given this additional information

22   that was presented by the Government in this most recent

23   pleading, I think it further supports our opposition that we --

24       **THE COURT:**  Let me do it this way, because I don't

25   like to have outstanding gavels and motions.

1    I'm going to deny it as moot.  If there is a basis upon

2  which you want to bring a new motion in front of me, then I

3  can't stop you from filing a new motion, but at least with

4  respect to that motion given where we are today, I'm going to

5  deny it as moot.

6          **MS. COMSTEDT:**  Okay.

7          **THE COURT:**  Okay.  Thank you.

8      Mr. Guy-Smith, did you have another --

9          **MR. GUY-SMITH:**  Yes, I did.

10     Since we were discussing issues concerning Title III, I

11  would like to know whether or not it's the Government's

12  intention that all Title III information will be distributed to

13  all defendants and that all Title III discovery is relevant to

14  all of the defendants, including the individual defendants in

15  this case.

16          **THE COURT:**  I have that question as well,

17  Mr. Guy-Smith, so we will get to that.

18          **MR. GUY-SMITH:**  Thank you.

19          **THE COURT:**  Any other Defense lawyers want to put on

20  their video?  No.  All right.

21      Mr. Guzman?  Okay.

22      Mr. Stepanian.

23          **MR. STEPHANIAN:**  Yes, Your Honor.

24      Before we go any further, I would like some direction from

25  the Court with respect to my client, who is a fugitive.  Does

1    the Court wish me to participate in hearings that are set in

2    the future or --

3           **THE COURT:**  Mr. Stephanian, no, not -- no.  We did get

4    your email, and you did tell us he was in fugitive status.

5    Given that you didn't know what was going on at this hearing,

6    that's why you got the email back to say if you wanted to stay

7    on, you were welcome to stay on, but there is no defendant

8    here, so there's nothing for you to really do.

9           **MR. STEPHANIAN:**  Thank you.  Thank you very much,

10    Your Honor.

11           **THE COURT:**  All right.

12      Mr. Guzman, I take it that that was a mistake, to see your

13    video flash on and off?

14           **MR. GUZMAN:**  That is correct, Your Honor.

15           **THE COURT:**  All right.  I think that the plan in terms

16    of the dissemination of discovery -- if the Government could

17    give me the overview.

18      And, Mr. Ellis, go ahead and put your video on as well.

19      I think we'd all like to know when discovery is going to

20    be produced and how much discovery is going to Mr. Ellis and if

21    it's being disseminated only to the cases involving wiretaps or

22    not.

23      You know, the Government chose to do this in bulk, and the

24    fact that it's been a month and some of these defendants

25    haven't received their discovery is a problem.  If you choose

1    to act in this manner, you have to be ready to be producing

2    discovery.

3         So who is going to take the lead.

4         **MR. RUBINO:**  Your Honor, I can start on that.  This is

5    Kevin Rubino again.

6         The Government has produced to Mr. Ellis all of the T3

7    materials, the wiretap discovery, involving about 20 or so

8    interrelated wiretaps.  That's about 7,000 files.

9         That group of discovery is ready to be produced to the

10    group of cases that we identified as the first group in the

11    most recent filing, the December 14th filing.

12         Mr. Ellis has not been appointed as coordinating discovery

13    attorney for all six of those cases.  He's been appointed --

14         **THE COURT:**  Let me do that right now.  Let me do that

15    right now, and we can follow up, Mr. Ellis, with a formal

16    order, but you are hereby appointed, and to the extent not

17    otherwise appointed in 21-328, U.S. vs. Cervantes; 21-312, U.S.

18    vs. Hernandez; 21-311, U.S. vs. Garcia; 21-325, U.S. vs.

19    Ontiveros.  And then the two I don't have -- let's get

20    Mr. Lyons, Ms. Leonida, Mr. Buenaventura on the platform.

21         **MR. LYONS:**  Yes, Your Honor.  Robert Lyons here.

22         **THE COURT:**  Do you all want me to make that

23    designation and order now?

24         **MR. LYONS:**  Yes.

25         **THE COURT:**  Ms. Leonida?

1    **MS. LEONIDA:**  Yes, Your Honor.

2    **THE COURT:**  Mr. Buenaventura?

3    **MR. BUENAVENTURA:**  Yes, Your Honor.

4    **THE COURT:**  All right.  The order is made.  So --

5    okay.  So we've taken care of that.

6    Keep going, Mr. Rubino.

7    **MR. RUBINO:**  Yes, Your Honor.  Thank you.

8    Mr. Ellis already had been appointed as coordinating

9    discovery counsel for three of those six cases.  I understand

10   your intention is to appoint him as coordinating discovery

11   counsel for the other three.  That will be the initial bulk of

12   discovery for those cases.

13   Going forward with respect to this first group of cases,

14   it's our expectation that the discovery will diverge somewhat;

15   that is, it will not be as heavily overlapping as this first

16   batch of discovery, and we're expecting that to produce -- to

17   provide Mr. Ellis with those second rounds of discovery, again

18   to be distributed to those smaller groups.

19   The primary holdup, to the extent there was one, was

20   simply getting together the protective order, as Ms. Shifman

21   described, and we were glad to have negotiated a unitary

22   consistent protective order across the different cases allowing

23   us to make consistent productions and designations.  But now

24   that initial batch of discovery has been provided to Mr. Ellis,

25   and hopefully, if they haven't already, that entire group of

1    defendants in that first group will receive that discovery,

2    approximately 40 defendants.

3        As far as the second group of defendants, I understand

4    initial discovery has been made, but I will hand it over to my

5    colleague, Mr. Kassabian, to address the discovery to date on

6    that second group of cases involving largely one- or

7    two-defendant cases.

8        **THE COURT:**  Okay.  Mr. Kassabian.

9        **MR. KASSABIAN:**  Thank you, Your Honor.

10       I do want to clarify that the two magistrate cases ending

11   71438 for Mr. Garcianava, and Ms. Faz and Mr. Solorio ending

12   71467, one of those does have wiretap discovery that has been

13   already provided in bulk directly and the other does not.

14       **THE COURT:**  Yes.  I misread your outline here.  So

15   the -- Mr. Ellis then is appointed in U.S. vs. Garcianava

16   21-mj-71438, and U.S. vs. Quiros, 21-CR-327, not -- not

17   Mr. Buenaventura's  case -- no.  It is Buenaventura's case.  It

18   is not Mr. Lyons' or Ms. Leonida's case.  Okay.  Sorry.

19       **MR. KASSABIAN:**  Your Honor, I'll further note that my

20   understanding from -- not directly from Mr. Ellis but in

21   conversations with my colleagues, is that Mr. Ellis declined

22   Mr. Garcianava's case because it is a solo defendant, and we

23   have proceeded, like I said, to provide the wiretap discovery

24   already to his counsel, Mr. Buenaventura, so that -- I think

25   the coordination through the Discovery Master probably would

1   delay things going forward.  We've come up with a plan to

2   provide that discovery directly.

3          **THE COURT:**  Mr. Ellis, is that right?

4          **MR. ELLIS:**  Yes, Your Honor.  We generally are only

5   appointed to multi-defendant cases.  This is a unique

6   situation.

7          Regardless of appointment status, I will work with

8   Government counsel and Defense counsel to get wiretap data to

9   them as quickly as possible, and we can figure out the

10  mechanics later, but we will make sure everyone has access as

11  soon as possible, Your Honor.

12         **THE COURT:**  Okay.  Thank you, Mr. Ellis.

13         **MR. KASSABIAN:**  So, Your Honor, in light of that,

14  obviously I think the Court's order stands, and we will

15  coordinate with Mr. Ellis whether we provide the discovery

16  directly in that case and continue to do so or coordinate with

17  him.

18         I will say that for the other cases ending in 338 or

19  higher -- and this goes to some of the comments by

20  Mr. Guy-Smith -- the Government has provided discovery in the

21  form of FBI and DEA reports about the various controlled buy

22  transactions, and as I mentioned a moment ago, the wiretap

23  discovery in the Garcianava case, the only one that wiretap

24  discovery is implicated.

25         Regarding Mr. Munoz's case in particular, ending in 345,

1   we have discovery reports that include the date, time,

2   location, persons involved, and pertinent recorded

3   conversations summarized in FD-302 reports and photos and lab

4   reports.

5       What Mr. Guy-Smith was alluding to is the fact that we

6   have not provided the audiovisual or audio recordings in

7   connection with those controlled buys.  We are phasing that

8   discovery due to two reasons.  First off, there is some

9   sensitivity as to the confidential human source involved, but

10  also there is another more practical issue, Your Honor, in that

11  phasing of this discovery allowed us to provide the initial

12  discovery along the lines I just articulated for Mr. Munoz's

13  case to all the defendants.  And fundamentally the one time we

14  tried to provide audiovisual discovery in one of the cases, we

15  received several emails.  There was a lot of back and forth

16  over difficulty in access, and we just decided to put a pause

17  on that and focus on getting everybody to the same place where

18  they understood the nature of the accusations being made

19  through additional discovery.

20      So I believe we've achieved that, and unless the Court has

21  any questions, that's all I have.

22          **THE COURT:**  All right.  I think that's all for now.

23      So let's get -- now that I have an understanding and an

24  overview, let's go ahead and get dates.

25      Let me first deal with the six cases that are identified

1    as the wiretap cases.  I don't know if the defendants have

2    talked amongst themselves with respect to when I should have

3    you in for a status.  For right now, I'm going to have you all

4    on one day.  And between now and then, we will try to figure

5    out how to make sure we have audio access with Atwater, and

6    I'll contact the marshal myself to figure out how we can do

7    that.

8         So has there been any discussion with respect to how much

9    time we're looking at before I should have you in for a status?

10   Ms. Shifman?  Mr. Babcock?

11        **MR. BABCOCK:**  Yes.  Erik Babcock for Mr. Perez in the

12   328 case.

13        I would suggest 90 to 120 days, something in that range.

14   Hopefully we will have had a chance to get through much, if not

15   all, of the wiretap material before then.

16        **THE COURT:**  Given the holiday, it's probably 120 days,

17   is probably the better approach.  Let me ask this:  If anybody

18   in -- if any of the lawyers in those cases -- 21-328, 21-312,

19   21-311, 21-325, 21-327, and then the magistrate judge case

20   versus Garcianava, 21-71438 -- if anybody has an objection with

21   respect to setting a status conference in approximately 120

22   days, please speak now.

23        Okay.  The record will reflect silence, which for Defense

24   lawyers is always an oddity, if you will allow me a tiny bit of

25   humor.

1    Okay.  Let's go ahead, because I know you are all busy,

2    and set this for a Friday morning at 9:00 a.m.  March 25.  That

3    way if you're in trial, frequently Fridays are dark.  That

4    should allow you to be present.  March 25, 9:00 a.m.  Check the

5    docket for the manner in which we will proceed.  It could, in

6    fact, be by a Zoom platform again.

7        **MS. SHIFMAN:**  Your Honor, if I may, with regard to

8    that date -- Gail Shifman on behalf of Mr. Coria in 312 -- I

9    will be in trial before Judge Alsup on that day, but I will

10    have one of my colleagues specially appear.

11        **THE COURT:**  Okay.  Thank you, Ms. Shifman.  I almost

12    thought about the next Friday, but that would be April 1st, and

13    I thought, no, let's avoid April 1st.

14        **MS. SHIFMAN:**  I will be in trial on that day, too.

15        **THE COURT:**  Well, but, you know, by 9:00 you will be

16    taking your first break because you will have been there since

17    5:00 a.m.

18        **MS. SHIFMAN:**  I will be eating lunch.

19        **THE COURT:**  Okay.  Now, the next set, even though

20    these are all individual cases, but, again, to just -- for

21    efficiency purposes, my plan would be to set them all on the

22    same date as well, and we can go through them and would go

23    through them individually.

24        So would any of the attorneys in the remaining cases like

25    to make a suggestion for how much time you need before I should

1   engage with you in a status conference?

2       Ms. McGlenon, your video is still on.

3           **MS. McGLENON:**  Oh, sorry.

4           **THE COURT:**  Mr. Taback?

5           **MR. TABACK:**  Thank you, Your Honor.  I'm on 21-00339.

6   My client is Melissa McCabe.  And I was going to suggest a

7   status date of either March 17th or 24th.

8           **THE COURT:**  Okay.  Well, I'm not going to do it on the

9   24th because Thursdays are my standard in-court date for

10  criminal pleas and sentencings.  I could do the 18th of March,

11  which is the prior Friday.

12          **MR. TABACK:**  That should work.

13          **THE COURT:**  Does anybody on the remaining cases have a

14  different perspective than that that has been suggested by

15  Mr. Taback for the next -- for a status conference for

16  March 18th at 9:00?

17          **MR. GUY-SMITH:**  Your Honor, this is Mr. Guy-Smith on

18  345.

19      The answer to your question is no; however, we have a

20  previously-set status date which then should be vacated.

21          **THE COURT:**  Yes.  I mean, it must have been -- to the

22  extent that it happened by stipulation or whatever -- that's

23  one of the reasons I had this, Mr. Guy-Smith, is so that I

24  could get everything on a schedule.  So everything else -- all

25  other dates previously stipulated to are vacated.

1    **MR. GUY-SMITH:**  Perfect.

2    **THE COURT:**  Now, if I go through this, are any of

3    the -- I'm going to go through.  If someone could tell me -- if

4    you'll turn on your video and let me know whether your client

5    is being detained at Santa Rita, I'd appreciate it, or if they

6    are out of custody.  And I'm going to go through in order.

7    21-338, U.S. vs. Guerrero.

8    **MR. KASSABIAN:**  I can speak to most of these,

9    Your Honor, if that might be more efficient.

10   Mr. Guerrero is not being retained.  He is being

11   supervised by Pretrial.

12   **THE COURT:**  Okay.  How about Ms. McCabe in 339?

13   **MR. KASSABIAN:**  Ms. McCabe is also being supervised by

14   Pretrial.

15   **THE COURT:**  All right.  Pacheco in 340?

16   **MR. KASSABIAN:**  340, Your Honor, Mr. Stephens and the

17   Velasco defendants are all fugitives, so I think the next

18   defendant is 344, Mr. Kobayashi.

19   **THE COURT:**  Okay.  And what's the status there?

20   **MR. KASSABIAN:**  He is, I believe, in SLE, again being

21   supervised by Pretrial.

22   **MR. GOHEL:**  That's correct, Your Honor.

23   **THE COURT:**  Munoz.  In 345, Munoz.

24   **MR. KASSABIAN:**  Mr. Munoz is being detained at

25   Santa Rita.

1          THE COURT:  Ms. Ramirez, 346.

2          MR. KASSABIAN:  Ms. Ramirez and Ms. Carranza, both

3    defendants are on supervised release.

4          THE COURT:  Okay.  And then Urbina, 347.

5          MR. KASSABIAN:  Marco Urbina is also being supervised

6    by Pretrial.  As we said for Max Urbina, he is 1368 in a state

7    court case.

8          THE COURT:  Okay.  And then what about Faz, the

9    magistrate judge case?

10         MR. KASSABIAN:  The two defendants in that magistrate

11   judge case, Ms. Glendelia Faz and Mr. Jorge Solorio, both are

12   under Pretrial supervision.  Mr. Solorio, I believe, has posted

13   a bond.

14         THE COURT:  Okay.  So that works.

15      With respect --

16         MR. KASSABIAN:  Your Honor, there is one more,

17   Mr. Garcianava, who is also on pretrial release -- I'm sorry.

18   That's my case.  I guess he is part of the wiretap cases.

19         THE COURT:  Okay.  So that works doing this on a

20   Friday.

21      What we will do for the one defendant in the 21-347, U.S.

22   vs. Urbina, Mr. Lyons, your -- oh, but he's -- I've got one who

23   is a fugitive and the other one who is in custody but in

24   Mendocino County.

25         MR. LYONS:  Yes.  He has a state 1368.

1          **MR. KASSABIAN:**  Your Honor, sorry.  I apologize for

2     causing confusion.

3          The person before Your Honor is on pretrial, and the other

4     person who is not before Your Honor is in Mendocino in custody.

5          **MR. LYONS:**  They are brothers.

6          **THE COURT:**  In 21-345, Mr. Guy-Smith, your client is

7     being held in custody; is that right?

8          **MR. GUY-SMITH:**  That's correct, Your Honor.

9          **THE COURT:**  Okay.  So with respect to that, I think

10    we've got plenty of leeway.  We'll make sure that he's put in

11    Classroom C so that he has access to the proceedings through

12    Classroom C.

13         Everybody else is out -- everybody else is out of custody.

14    So to the extent that they want to participate, there is no --

15    there is no problem with them participating.

16         **MR. GUY-SMITH:**  Excellent.  Thank you so much.

17         **THE COURT:**  Okay.  So status conference in all of

18    those cases then -- Ms. Young, did you want to say something?

19         **MS. YOUNG:**  Yes, Your Honor.

20         On behalf of Rosemarie Ramirez and Genny Carranza, we were

21    going to request a status date a little earlier, about 60 days

22    out.  Is that possible?  Or the Court wishes us to stay with

23    the other March date?  Both of the defendants are out of

24    custody in that matter.

25         **THE COURT:**  Okay.  And you think by that date you'll

1  have a good sense about whether we're setting trial or whether

2  there's going to be a resolution?

3       **MS. YOUNG:**  Your Honor, they have already begun to

4  produce discovery, and it's indicated we're getting additional

5  discovery in the next week or so, so we --

6       **THE COURT:**  This --

7       **MS. YOUNG:**  -- we were hopeful that we would have an

8  idea of -- a pretty good idea of where we are going in 60 days.

9       **MR. KASSABIAN:**  Your Honor, that's my case.  My

10 suggestion would be to have it in March.  It is our intention

11 to complete producing any initial discovery and start plea

12 offers and be in a position where we will have a more certain

13 path going forward by that March date.  I think in 60 days

14 things will probably still be in process.

15       **THE COURT:**  Let me do this.  I'm going to set all of

16 the dates for March 17th at 9:00 a.m.  For those of you who

17 know me -- and Ms. Young, you -- I don't think you've appeared

18 in front of me -- you all know that I am accessible.  If you

19 need to get on my calendar before then, all you need to do is

20 send a joint email to my CRD and ask to get on the calendar.  I

21 usually do statuses at this point by the Zoom platform on

22 Wednesday afternoons at 2:00 p.m., which is at the end of my

23 trial date.

24      Those who have regularly practiced in front of me know

25 that we get you on very quickly without any problem.  So if you

1    need -- Ms. Young, if you are ready and you need to see me,

2    just send an email, and we will get you on typically within a

3    week.  All right?

4              **MS. YOUNG:**  That's fine, Your Honor.

5              **THE CLERK:**  Your Honor, the date is March 18th, right,

6    not March 17th?

7              **THE COURT:**  Did I say it wrong?  Thanks, Frances.  And

8    see why -- I hope Aris is listening because Frances always

9    catches these little things.

10         Yes.  Friday, March 18th.

11             **MR. TABACK:**  That was a good catch.

12             **THE COURT:**  And she does it with such grace.

13             **MR. TABACK:**  Effortless.

14             **THE COURT:**  All right.  So let's do that.  I will --

15   my plan is to exclude time under the Speedy Trial Act until the

16   status conferences in each of these cases, that being either

17   March 18th or March 25th, for effective preparation of counsel.

18        These are -- we are still in the early stages of

19   discovery.  Much discovery hasn't yet been produced.  There

20   will be holidays, and so I'm assuming that attorneys are also

21   taking a small measure of vacation, so for continuity of

22   counsel at this point if anybody objects or believes that time

23   should not be excluded under the Speedy Trial Act, please say

24   so as I go through the case numbers; otherwise, I will record

25   an agreement.

1     So any objections in 21-311?  Hearing no objections, time

2  is excluded.

3     Any objections in 21-312?  Hearing none, time is excluded.

4     Any objections in 21-325?  Hearing none, time is excluded.

5     Any objections in 21-327?  Hearing none, time is excluded.

6     Any objections in 21-328?  Hearing none, time is excluded.

7     Any objections in 21-338?  Hearing none, time is excluded.

8     Any objections in 21-339?  Hearing none, time is excluded.

9     21-340, 341, and 342 are all in fugitive status.

10     Any objections in 21-344?  Hearing none, time is excluded.

11     Any objections in 21-345?

12     **MR. GUY-SMITH:**  In that regard, Your Honor -- this is

13  345?

14     **THE COURT:**  Yes, sir.

15     **MR. GUY-SMITH:**  My understanding, after the

16  representations made by the United States Attorney that the

17  discovery will be on a roll-out basis -- is it my understanding

18  that that discovery, which will be on a roll-out basis and

19  specifically the audio recordings of my client, will be

20  supplied to me before the next status date?  Because if they

21  are, then I'm of one view, and if they're not, then I'm of

22  another.

23     **MR. KASSABIAN:**  I'm not in a position to make that

24  representation at this time, Your Honor.

25     **THE COURT:**  All right.

1      **MR. KASSABIAN:**  We have a lot of discovery to go

2  through.

3      **THE COURT:**  Do you want to set an earlier date in your

4  case?

5      **MR. GUY-SMITH:**  Quite frankly, not if we're not going

6  to be able to be doing any work.  The real issue is when do I

7  get this discovery for purposes of, in fact, making a

8  determination of whether or not we are going to resolve the

9  case or whether the case is going to be set for trial?  If I

10 know when that's going to occur, I have a rough idea when that

11 is going to occur, then the date that is set by the Court, the

12 March 18th date, is an excellent date.  It works perfectly.

13     **THE COURT:**  So I don't want to belabor this point.  I

14 obviously don't know myself when it's going to happen.  So my

15 question to you is do you want an earlier date?

16     **MR. GUY-SMITH:**  Yes.

17     **THE COURT:**  Okay.  When do you want to come back,

18 Mr. Guy-Smith?

19     **MR. GUY-SMITH:**  Sometime in February or January.  Late

20 January, early February.

21     **THE COURT:**  I can put you on January 26th.

22     **MR. GUY-SMITH:**  Excellent.

23     **THE COURT:**  At 2:00 p.m.

24     **MR. GUY-SMITH:**  Perfect.  That works.

25     **THE COURT:**  Okay.  Are you prepared to exclude time

1    under the Speedy Trial Act until January 26, 2022?

2              **MR. GUY-SMITH:**  Yes, I am.

3              **THE COURT:**  All right.

4         The next case then, U.S. vs. Ramirez, 21-346, any

5    objections?  Hearing none, time is excluded.

6         Any objections in U.S. vs. Urbina, 21-347?  Hearing none,

7    time is excluded.

8         The two magistrate judge cases are not in front of me so I

9    don't know that I need to make any findings with respect to

10   those two cases, even though they are being given status

11   conferences at this date and there are other proceedings

12   happening in front of the magistrate judge.

13             **MR. KASSABIAN:**  Actually, Your Honor, if I may, we

14   don't have a pending date before the magistrates.  We obtained

15   and -- stipulated and obtained orders for waivers through

16   today, and that was one of the issues I wanted to raise with

17   Your Honor, as to how Your Honor wishes us to proceed before

18   the magistrates or this Court, including for SDA purposes.

19             **THE COURT:**  Okay.  Can I get the lawyers then from

20   those case?

21             **MR. LYONS:**  Your Honor, this is -- I'm Robert Lyons,

22   and I'm here on Glendelia Faz, which is 71467, and I'm also

23   here on Marco --

24             **THE COURT:**  Urbina.

25             **MR. LYONS:**  Yeah, which is 0347.

1          **THE COURT:**  We're talking specifically about the Faz

2     case and the Garcianava case.

3          **MR. LYONS:**  Okay.

4          **THE COURT:**  So I don't know what your stipulations are

5     or were.

6        Ms. Leonida, if you could get on the platform as well if

7     you're still here.  Maybe she had a hearing.  There you are.

8          So until I have a district court case, it's -- the case is

9     not actually in front of me.  If you want me to -- if everybody

10    agrees that time is excluded, I can make that finding, but you

11    all have to make the proffer.

12         **MR. LYONS:**  Your Honors, as to Ms. Faz, we are

13    prepared to make that proposal to the Court.

14         **THE COURT:**  Go ahead, Ms. Leonida.

15         **MS. LEONIDA:**  On behalf of Mr. Solorio, we agree that

16    exclusion of time is necessary for effective preparation of

17    counsel.

18         **THE COURT:**  Okay.  And this is through March 18th for

19    the two of you; correct?

20         **MR. LYONS:**  Exactly.

21         **THE COURT:**  And then Mr. Buenaventura, what's your

22    position?

23         **MR. BUENAVENTURA:**  I agree, Your Honor.  I have no

24    objection to that.

25         **THE COURT:**  And do you agree?

1          MR. BUENAVENTURA:  Yes.

2          THE COURT:  All right.  So for those two cases, time

3   is excluded under the Speedy Trial Act until March 18th, 2022,

4   in the Faz, Solorio-Mendoza case, and March 25th, 2022 with

5   respect to the Garcianava case.

6          MR. BUENAVENTURA:  Thank you, Your Honor.

7          THE COURT:  Is there something I need to know with

8   respect to agreements that you all made today?

9          MR. LYONS:  No.

10          MR. BUENAVENTURA:  No, Your Honor.

11          MS. LEONIDA:  No, Your Honor.

12          MR. KASSABIAN:  No, Your Honor.

13      Well, I should add, Your Honor, because they are

14   magistrate cases, I believe the stipulation will also

15   contain -- and we will follow up in writing -- a waiver of a

16   preliminary hearing pursuant to Rule 5.1 until that March date.

17          MS. LEONIDA:  That's correct, Your Honor.

18          MR. BUENAVENTURA:  Yes, Your Honor.

19          THE COURT:  I think once that happens, then it will

20   get a district court number.

21          MR. LYONS:  That's fine.

22          THE COURT:  I don't know exactly, but at some point

23   I'm assuming it will.

24      Okay.  Now, I think we have accomplished all we are going

25   to accomplish today in terms of organizing all of these cases

1    and getting them on some track together, getting Mr. Ellis set

2    so he can do his work.

3            **MR. KASSABIAN:**  Your Honor --

4            **THE COURT:**  If anybody wants to say anything --

5    Ms. Shifman?

6            **MS. SHIFMAN:**  A procedural question, Your Honor.

7        If we do need to come back with regard to the designation

8    of discovery as protected, any issues on that, do we do that

9    before Your Honor, or is that something you're going to want to

10   send to the magistrate court?

11           **THE COURT:**  I'll probably send it to the magistrate

12   court, and I'll issue an order as to who the magistrate judge

13   is that will be designated.

14           **MS. SHIFMAN:**  Okay.  So should we file it in the first

15   instance with you if we need to file it and then you'll refer

16   it out?

17           **THE COURT:**  I'm going to issue an omnibus order with

18   respect to all this, and I will add it in there.

19           **MS. SHIFMAN:**  Thank you.

20           **MR. LYONS:**  Thank you, Judge.

21           **THE COURT:**  Any other questions?  Ms. Leonida?

22           **MS. LEONIDA:**  I wanted to say goodbye to Frances.  We

23   will miss you.

24           **MR. KASSABIAN:**  I'm sorry, Your Honor.  I do have a

25   couple of clerical matters.

1   One is that in the Kobayashi case ending 344, we have

2   submitted a prior stipulation extending the Speedy Trial Act

3   through today and the stipulated protective order, which is in

4   line and mirrors all the other ones, and we appreciate

5   Your Honor considering them in due course.

6   And then the other issue --

7   **THE COURT:**  So Kobayashi is what number?

8   **MR. KASSABIAN:**  344.

9   **THE COURT:**  Okay.  So we will issue the protective

10  order on that one.  And I have extended the Speedy Trial Act

11  with respect to that case already, but I will -- I'll issue the

12  order with respect to your stipulation through today.

13  **MR. KASSABIAN:**  Thank you, Your Honor.

14  And then just noting for the record per Mr. Guy-Smith's

15  request, the arrest warrant in Mr. Munoz's case -- and that is

16  case ending 345 -- the arrest warrant in that case erroneously

17  and with a clerical error stated that it was issued pursuant to

18  a violation of supervised release when, in fact, it issued

19  pursuant to the Indictment in that case.

20  Mr. Guy-Smith has asked that we also prepare a notice in

21  writing so that that's also stated in the docket by written

22  notice, and we will be doing so as well.

23  **MR. GUY-SMITH:**  Thank you for that courtesy and that

24  attention.

25  **THE COURT:**  All right.

1    Mr. Vaughns, sir?

2        **MR. VAUGHNS:**  Your Honor, you mentioned an omnibus

3    order, and I'm wondering, given that I don't know how many

4    clients are in Santa Rita, whether you would consider adding a

5    clause in your omnibus order about allowing tablets to be used

6    by clients there rather than have each of us send you a

7    separate motion and having you deluged with particular orders

8    like that.

9        **THE COURT:**  Okay.  So let me see because I usually

10   just refer to those -- if somebody could send me the language

11   that is the traditional language the jail looks for with

12   respect to that, I can add that into the order.

13       **MR. VAUGHNS:**  I'll do that, Your Honor.  Thank you.

14       **THE COURT:**  Thank you, Mr. Vaughns.

15   Okay.  Anybody else want to turn on their video?

16   Ms. Moel?

17       **MS. MOEL:**  Yes, Your Honor.  I was wondering if you

18   might consider a standing order for us to have a transcript

19   produced of these status hearings on some expedited basis so we

20   can send it to our clients, particularly those of our clients

21   who are in Atwater or whose presence is waived, not able to

22   attend.  Hopefully they will in the future, but in meantime --

23   we found in another multi-defendant case during the pandemic

24   with Judge Seeborg that that was useful, and so we would ask

25   for you to please consider that.

1      **THE COURT:**  Okay.  I'll check in with Judge Seeborg

2   about his order.

3      **MS. MOEEL:**  Thank you.

4      **THE COURT:**  It sounds reasonable.  Let me -- I don't

5   know what you mean by "expedited," so let me look into that.

6      **MS. MOEEL:**  Okay.  Great.

7      **THE COURT:**  Anybody else?  No?  Okay.  Then since I

8   won't see you until March of next year, I wish you all a very

9   happy and safe holiday.  Thanks for coming onto the platform

10  and helping us to run these proceedings in an organized way.

11      Thank you for all your great words to Frances.  I'm sure

12  she is a little bit embarrassed, but I know that she

13  appreciates it.

14      **MR. LYONS:**  She is only a little bit embarrassed,

15  Judge.

16      **THE COURT:**  Okay.

17      Ms. Overbeck, did you want to say something?

18      **MS. OVERBECK:**  No, Your Honor, I just wanted to say

19  thank you.

20      And I wanted to thank Ms. Stone as well.  I don't know if

21  the Government weighed in on that, but we do appreciate your

22  years of service, and we will miss you at the court deeply.

23      **THE COURT:**  Good enough.  Take care everyone.  Happy

24  Holidays.  We're adjourned.

25          (Proceedings adjourned at 11:32 a.m.)

1

2

3                              CERTIFICATE OF REPORTER

4                   I certify that the foregoing is a correct transcript

5       from the record of proceedings in the above-entitled matter.

6

7       DATE:    Wednesday, December 22, 2021

8

9       *Pamela Batalo Hebel*

10      _____
        Pamela Batalo Hebel, CSR No. 3593, RMR, FCRR
11      U.S. Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25